Reese, J.
delivered the opinion of the court.
The bill alledges the same proceedings in the circuit court of Montgomery county, relating to the sale of a tract of land in said county, belonging to the widow and heirs of Andrews, deceased, and the several decrees and orders made therein, which are set forth in the preceding case of Boothe and wife, and the heirs of Baker Andrews, deceased, exparte, in the matter of the estate of the said Baker Andrews, deceased.
In addition, it states, that after the order or decree of January 1837, and before that of May 1839, the defendant, Charles Bailey the clerk and commissioner of said court, while the decree of 1837 was in full force, which directed him, expressly, to retain the bonds taken to secure the price of said tract of land, sold by the decree of said court, in his possession, to collect the money when it should fall due,, and to pay the same into court, did contrary to bis duty, pay the same over to Pe-gram, the Illinois guardian, taking a bond of indemnity from the other defendants, Sturdevant and the Masons, to secure him against responsibility for his violation of duty in that behalf, and that said Bailey obtained some pecuniary advantage for *596 such, his, violation of the decree of the court. The bill, also, alledges, that the decrees of 1839 and 1841, were procured at the instance and by the action of said Bailey, and his confederates in the bond of indemnity, without the knowledge or cooperation of the widow or heirs of Baker Andrews; and even without the knowledge or co-operation of said Pegram, the guardian in Illinois, although his name was used, with a view to shield and protect the said Bailey and his confederates from the consequences of his illegal conduct. That the said Bailey never made any report or statement to the court showing the truth of the matter. That at the very time when he procured the decrees of 1839 and 1841, setting forth the terms and conditions on which the payment over to the guardian should take place, he had already, not only without the knowledge or consent of the court, but against its express orders, paid the money over; and that these orders and decrees, thus procured, should not shield and protect Bailey and his confederates. That said last orders and decrees do not purport to be confirmations of any thing which Bailey, the commissioner, had done; and that Bailey took no step whatever upon the ground of said orders, or by authority of them, or in consequence of them; and, indeed, that he took no step whatever in the premises, after said orders. We state the legal effect of what is alledged in the bill, rather than the precise terms as used. The bill further states, that the Illinois guardian and his surety are insolvent, and prays a decree for the money against Bailey and the sureties to him in the bond of indemnity.
These sureties have answered. But Bailey demurred to the bill, and his demurrer was allowed by the chancellor. This we presume was done upon the ground, that the decree of May 1841, authorizing Bailey to pay over the money to the Illinois’guardian, although erroneous, ought to protect the commissioner. But the bill alledges that that decree was procured by Bailey, that it is delusive on its face, asking the court to do that which had already been done. That the money was not paid over in consequence of that decree, but had been paid over more than two years before. That no step was taken subsequent to said decree, or by reason of it. That the decree does *597 not purport to confirm what had been done. The court appears to have been ignorant of that. The reasons gravely given in what purports to have been the petition of the Illinois guardian, of trouble and inconvenience, rate of interest, &c., as they imply that the money was still in, the hands of the commissioners, were suggestions of falsehood to the court, and the whole proceeding fraudulent.
This then is not a case, where a court erroneously directs a person, in the situation of Bailey, to do an act, and he does it, and where he may claim protection therefor. Whatever he did as to paying the money over, was against the direction of the court, and he did nothing therein because of the direction of the court. He ought not, therefore, to be permitted to protect himself under that erroneous decree of the court, pursuant to which he did not act at all, and which, therefore, led him into no error. If the material .allegations of the bill be true, the complainants are entitled to the relief prayed. The decree of the chancellor must be reversed, the demurrer be disallowed, and the defendant Bailey must answer.